IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, also known as POLITICAL PRISONER,<br><br>Plaintiff,<br><br>v.<br><br>GARY L. LANCASTER, Chief Judge; J. CURTIS JOYNER, Chief Judge; THOMAS J. RUETER, United States Magistrate Judge, U.S.D.C., E.D.; MICHAEL E. KUNZ, Clerk, U.S.D.C., ED; HARVEY BARTLE, III, Senior U.S. Judge, U.S.D.C., E.D.; EDUARDO C. ROBRENO, U.S. District Judge, U.S.D.C., E.D.; RONALD L. BUCKWALTER, U.S. District Judge, U.S.D.C., E.D.; JOY FLOWERS CONTI, U.S. District Judge, U.S.D.C., W.D., DAVID STEWART CERCONE, U.S. District Judge, U.S.D.C., W.D., LISA P. LENIHAN, U.S. Magistrate Judge, U.S.D.C., W.D.; ROBERT C. MITCHELL, U.S. Magistrate Judge, U.S.D.C., W.D.; BARRY N. KRAMER, Chief Deputy Attorney General; KEVIN R. BRADFORD, Senior Deputy Attorney General; CARA B. GREENHALL, Senior Deputy Attorney General; JANE DOE, Senior U.S. District Judge, U.S.D.C., E.D.; JOHN E. WETZEL, Secretary, PA D.O.C.; JEFFERY A. BEARD, Secretary, PA D.O.C.; MARY L. FRIEDLINE, Attorney in Charged (sic), Office of Attorney General; and SCOTT A. BRADLEY, Senior Deputy Attorney General,<br><br>Defendants. | Civil Action No. 2: 14-cv-00117<br><br>Cathy Bissoon,<br>United States District Judge<br><br>Cynthia Reed Eddy,<br>United States Magistrate Judge |

**REPORT & RECOMMENDATION**

1

**Recommendation**

For the following reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory filing fee in the amount of $350.00, plus an administrative filing fee in the amount of $50.00, for a total of $400.00.

**Report**

    A.    Procedural History

Plaintiff, Alton D. Brown, is a state prisoner currently incarcerated at the State Correctional Institution at Smithfield, located in Huntingdon, Pennsylvania. He initiated this action on January 27, 2014, by the filing of a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) accompanied by a seventeen (17) page handwritten civil rights complaint dated January 14, 2014 (ECF No. 1). The Complaint names nineteen (19) defendants, which can be broadly grouped into three (3) categories: twelve (12) Judicial Defendants; five (5) Attorney General Defendants; and two (2) Department of Corrections Secretaries. (ECF No. 1-1).

In his Complaint, Plaintiff complains that Defendants have committed a litany of abuses and misconduct, including, *inter alia*, the following:

(1)    "I have recently discovered a conspiracy by Defendants to deny me meaningful access to the U.S. Court, equal protection of the laws, and due process of the laws;"

(2)    "Defendants have teamed to rid the Courts and PA Dept. of Corrections, of unwanted, costly, and time consuming pro se prisoner law suits;"

(3)    "Defendants have focused their conspiracy on the uneducated, poor, minority prisoners, especially those with three (3) strikes in violation of 28 U.S.C. § 1915(g); and

(4) "Plaintiff is a poor, African American Political Prisoner who has accrued "three strikes," and who has been continuously abused and tortured (both psychologically and physically) during his seventeen (17) years of incarceration within the Pa. Dept. of Corrections, and has been the victim of Defendants' conspiracy since 2002, after he filed his first law suit in the U.S. District Court, for the Western District of Pennsylvania."

Complaint at 3-5 (ECF No. 1-1).

The Complaint further enumerates twenty-one (21) acts the Defendants have committed in furtherance of the conspiracy, including ordering a retaliatory transfer to SCI-Smithfield on July 2, 2013, "designed to punish and prevent appeals (inter alia) and denial of a meaningful opportunity to prosecute the case . . . ." *Id.* at ¶ 13(g). Paragraphs 18 - 20 contain the following allegations of imminent danger:

> 18. Plaintiff is in imminent / ongoing danger of serious physical and psychological injury as a result of defendants conspiracy to prevent him obtaining relief from the retaliatory efforts designed to punish him, and discourage and prevent any further litigation in the federal courts. Indeed, Plaintiff is still reeling and suffering physical and anxiety disorders for the subhuman abuse and conditions he was subjected to by defendant Beard (and company), Bradford, and Friedline, while he was being housed in an experimental behavior modification unit (Long-Term-Segregation-Unit) and SCI-Pittsburgh, which seriously exacerbated his Post-Traumatic Stress Disorder, caused him to contract chronaphobia (a prison neurosis), caused him to contract a liver disease (which he still suffers from today), numerous untreated broken bones, starvation (which resulted in low blood sugar), suicidal thoughts, and numerous other effects. Moreover, the civil action for which he sought to obtain compensation and relief, was boldly sabotaged by defendants Beard (and company), Mitchell, Lancaster, Bradley, and Friedline, who conspired and subjected Plaintiff to a retaliatory transfer to SCI-Graterford, employing the same tactics now being employed by Defendants to sabotage case Nos. 07-3771, 10-3458, 12-3578, and 13-465 (See Case No. 02-cv-289, W.D.Pa.).
>
> 19. Other cases in which Plaintiff was conspired against by Defendants Mitchell, Lancaster, Conti, Cercone, Lenihan, Bradley, and Friedline, for which he still experiences physical and psychological continuing effects, include Nos. 08-cv-00026 and 10-cv-00943 (W.D.Pa).
>
> 20. Plaintiff is also in imminent / ongoing danger from the retaliatory tactics employed against him by the Defendants mentioned herein, and from the delay

and sabotaging of his attempts to obtain relief in case Nos.: 07-3771, 10-3458, 12-3578, and 13-465, including prostate cancer, exacerbation of his lung and liver diseases (lung damage is irreparable), progression of a serious skin infection, which continues to spread and worsen and mistreated, exacerbation of his numerous phobias related to his several chronic conditions, serious gastrointestinal concerns, including colon cancer, continuous physical and mental pain and suffering, and/or death.

Complaint, at ¶¶ 18-20 (ECF No. 1-1).

B. Relevant Law

The federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, allows "[a] prisoner seeking to bring a civil action or [to] appeal a judgment in a civil action" to proceed "without prepayment of fees or security therefor," if the prisoner can demonstrate that he or she is unable to pay the fees. *See* 28 U.S.C. § 1915(a)(2); *Ball v. Famiglio*, 726 F.3d 448, 451–52 (3d Cir. 2013). However, pursuant to 28 U.S.C. § 1915(g), a prisoner who on three or more occasions, has filed an action in a federal district court or on appeal, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted may not proceed *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. *See* 28 U.S.C. § 1915(g); *Ball*, 726 F.3d at 467.

Inmates with three strikes and who cannot satisfy the imminent danger exception are not barred from filing additional federal actions, rather they are denied the privilege of proceeding *in forma pauperis* and must pay the requisite filing fee in full prior to commencing a new action. *See Abdul–Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001). Thus, when granting or revoking an inmate's *in forma pauperis* status because of his or her accrual of three strikes, the court must determine what strikes the inmate accrued prior to initiating the action immediately before the court. *Gibbs v. Ryan,* 160 F.3d 160, 162 (3d Cir. 1998). If determined to have three

qualifying strikes to their name, then the court must consider whether the inmate qualifies for the "imminent danger" exception.

Analysis under the "three-strikes rule" of § 1915(g) must be made at the time of commencement of the action. *Lopez v. U.S. Dept. of Justice*, 228 F. App'x 218, 219 (3d Cir. 2007) (citing *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001)). When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." *Abdul–Akbar*, 239 F.3d at 312. Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998) (quotations omitted).

C. Discussion

Plaintiff is a prolific litigant and, in fact, is known to be an abusive litigant. *See Brown v. Secretary Pennsylvania Department of Corrections*, 486 F. App'x 299, 302 (3d Cir. 2012) ("We are cognizant of the fact that Brown has an extensive history of litigation, and we share the District Court's concerns that his claims of imminent danger have been included in his complaint solely to avoid application of the 'three strikes' provision set forth in § 1915(g)"); *Brown v. Beard*, 492 F. Supp. 2d 474, 476-77 (E.D.Pa. 2007) (detailing Plaintiff's history of abusive litigation and observing that "Brown has found a tactic to circumvent section 1915(g) that has succeeded at least once: exploiting the exception for allegations of imminent danger of bodily harm"). In fact, as a result of his litigious behavior, on February 23, 2009, the United States Supreme Court denied Plaintiff's motion to proceed *in forma pauperis* and prohibited its Clerk of

Court from accepting any further petitions from Plaintiff in noncriminal matters unless he pays the docketing fee. *See Brown v. Pa. Dep't of Corr.*, 555 U.S. 1161 (2009).[1]

Plaintiff is also no stranger to being denied *in forma pauperis* status and the Court takes judicial notice of the fact that Plaintiff has at least "three strikes" within the meaning of 28 U.S.C. § 1915(g).[2] *See Brown v. Blaine,* C.A. No. 04-4618 (3d Cir. Aug. 19, 2005) (listing strikes and denying IFP status pursuant to § 1915(g)); *Brown v. Blaine*, C.A. No. 03-2439 (3d Cir. Mar. 18, 2004) (same); *Brown v. President and CEO of Prison Health Services,* 202 WL 926146 (E.D.Pa. March 16, 2012) (same); *Brown v. Beard,* 492 F. Supp.2d 474 (E.D.Pa. 2007) (Brown's allegations that he is not being provided a diet appropriate for a prisoner with Hepatitis C, he had a heart attack in 2005, he has high cholesterol, irregular heartbeat, high blood pressure and low sugar, and that the stress of incarceration contributes to his health risks, do not allege imminent danger of serious physical injury under § 1915(g)).[3]

Although Plaintiff has had at least three previous "strikes," he may be entitled to proceed *in forma pauperis* under the "imminent danger" exception to the three strikes rule. To satisfy the

---

[1] As other courts have noted, Plaintiff "has filed well over twenty pro se matters in which he challenges the conditions in which he is housed and/or the medical treatment he has received for various alleged ailments." *Brown v. PA Dep't of Corr.,* No. 93 M.D. 2011, 2012 WL 8666740, at *5 n. 7 (Pa. Commw. Ct. Mar. 29, 2012).

[2] *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

[3] In a number of cases, Plaintiff's allegations of insufficient or inadequate medical care have not been found to satisfy the § 1915(g)'s "imminent danger" exception. *See Brown v. Lyons*, 2013 WL 5629774 (E.D.Pa. Oct. 16, 2013); *Brown v. Pa. Dep't of Corr.,* 2011 WL 344078 (E.D.Pa. Feb. 1, 2011); *Brown v. Beard*, 2010 WL 1257967 (E.D.Pa. Mar. 25, 2010); *Brown v. Beard,* 492 F. Supp.2d 474, 479 (E.D. Pa. 2007). *But see Brown v. Lyons,* C.A. No. 11-1107 (3d Cir. Nov. 16, 2012) ("some of [Brown's] claims strain credulity," while "others invoke the imminent danger exception"); *Brown v. Sec'y PA Dep't of Corr.*, 2012 WL 2511307 (3d Cir. July 2, 2012) (allegations of health problems caused by inadequate ventilation, heating, and cooling can meet the imminent danger standard).

imminent danger element, Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (overruling *Gibbs v. Roman,* 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. *Gibbs v. Cross*, 160 F.3d 962, 965 (3d Cir. 1998); *Gibbs v. Roman,* 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

*Abdul-Akbar*, 239 F.3d at 315 (internal citation omitted).

Here, Plaintiff alleges that he is in "imminent / ongoing danger of serious physical and psychological injury" as a result of Defendants' conspiracy and retaliatory actions. Such bald and conclusory allegations are insufficient to satisfy the "imminent danger" exception. Notably, the Complaint contains no allegations that Defendants are interfering or failing to treat a serious medical condition or that prison conditions are causing, or have the potential to cause, serious physical harm. Rather, Plaintiff seems to imply that the Defendants' conduct may cause his current "serious physical and psychological" injuries to worsen. Even accepting that possibility, those allegations are insufficient to meet the imminent danger standard because Plaintiff has not shown that such serious effects "are about to occur at any moment or are impending." *Abdul-Akbar,* 239 F.3d at 315 (internal quotation marks omitted).

**Conclusion**

Based on the discussion above, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed without prejudice to Plaintiff reopening it by paying the full statutory filing fee in the amount of $350.00, plus an administrative filing fee in the amount of $50.00, for a total of $400.00.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, Petitioner is allowed until **March 10, 2014**, to file objections to this Report and Recommendation. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: February 21, 2014

/s *Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc: ALTON D. BROWN
DL-4686
SCI Smithfield
PO Box 999
Huntingdon, PA 16652
*Via U.S. Postal Mail*