IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALTON D. BROWN,

        Plaintiff,

v.

GARY L. LANCASTER, *et al.*,

        Defendants.

Civil Action No. 14-117

Judge Cathy Bissoon
Magistrate Judge Cynthia Reed Eddy

## MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Rules 72.C and 72.D of the Local Rules for Magistrates.

On February 21, 2014, the magistrate judge issued a Report (Doc. 3) recommending that Plaintiff's Motion (Doc. 1) for Leave to Proceed *in Forma Pauperis* ("IFP") be denied under 28 U.S.C. § 1915(g), and that this case be dismissed without prejudice to Plaintiff reopening it by paying the full statutory and administrative filing fees, totaling $400.00. Service of the Report and Recommendation was made, and Plaintiff has filed Objections. *See* Doc. 4. Plaintiff's Objections include a request for leave to file an amended complaint, so that he further may attempt to assert claims of "imminent danger" to avoid the three-strikes bar. *See id.* at ¶ 3.

For the same reasons stated in the Magistrate Judge's Report and Recommendation, which hereby is adopted as the Opinion of the District Court, Plaintiff's Objections are OVERRULED. In addition, Plaintiff's request for leave to amend is DENIED. Plaintiff is no stranger to the IFP standards, generally, and the "three strike" standards, specifically, and he

already has made concerted efforts to demonstrate "imminent danger," in both the original Complaint and in his Objections. As the Magistrate Judge already has explained, however, Plaintiff's theory of injury, namely, that longstanding "serious physical and psychological injuries" have worsened as a result of Defendants' purported conspiracy,[1] fails to establish "imminent danger" as defined under the law. No amount of additional averment can cure this deficiency, and his request to amend is denied based on futility. *See generally* Goodson v. Kardashian, 2011 WL 167272, *2 (3d Cir. Jan. 20, 2011) (affirming denial of prisoner's motion for leave to amend based on futility).[2]

Finally, to the extent that Plaintiff would identify unrelated theories of injury or harm, the proper course is not amendment, but rather, the filing of a new lawsuit. *See* Williams v. Dep't of Corr., 2009 WL 1649142, *5 (D. Del. Jun. 8, 2009) ("[t]he court will not allow [plaintiff] to add claims, unrelated in time or to allegations in the original complaint"; "[the] available remedy [is the] filing [of] a new lawsuit"); *cf. also* Brown v. Blaine, 2006 WL 1716772, *2 (3d Cir. Jun. 16, 2006) (holding, in case brought by this same Plaintiff, that "[a]llowing [him] to allege unrelated claims against new defendants based on actions taken after the filing of the original complaint would defeat the purpose of the three strikes provision of the PLRA," and noting that he "remain[ed] free to initiate a new lawsuit"). Notably, the instant

---

[1] The Court observes also that Plaintiff's "conspiracy" charge includes at least one individual who is deceased. Plaintiff fails to explain, nor can he, how a dead man can prospectively cause him any harm, much less "imminent danger," or how others named in the Complaint could prospectively conspire with the deceased.

[2] Although Plaintiff has offered to provide "specific/in depth/detailed factual [bases for] his imminent danger claims[,] . . . including medical evidence," he fails to identify the nature or substance of what he would offer. *See* Objs. at ¶ 3. The Court need not speculate, though, because additional details regarding the purported worsening of longstanding injuries as a result of Defendants' alleged "conspiracy" does not equate to "imminent danger." *See* R&R at 7 ("the Complaint contains no allegations that Defendants are interfering or failing to treat a serious medical condition or that prison conditions are causing, or have the potential to cause, serious physical harm").

2

ruling does not prohibit Plaintiff from pursuing his instant claims in federal court, it only denies him the privilege of proceeding without the payment of filing fees.

For all of the reasons stated above, and after a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the following Order is entered:

Plaintiff's Motion (**Doc. 1**) for Leave to Proceed in *Forma Pauperis* is **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE** to reopening once Plaintiff pays in full the applicable filing fees.

IT IS SO ORDERED.


April 1, 2014                                              s\Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge

cc (via First-Class U.S. Mail):

Alton D. Brown
DL-4686
SCI Smithfield
PO Box 999
Huntingdon, PA  16652